**In re R.H. HOBSON, aka Pick Hobson, aka Richard H. Hobson, dba Hobson Land and Livestock Co., Debtor.**

**Bankruptcy No. BK–R–87–209.**

United States Bankruptcy Court, D. Nevada.

Aug. 12, 1988.

---

1. California Form UCC–2

698

Gloria M. Petroni, McDonald and Petroni, Reno, Nev., for debtor.

Robert C. Vohl, Henderson & Nelson, Reno, Nev., for movant.

## ORDER DISALLOWING CLAIM

JAMES H. THOMPSON, Bankruptcy Judge.

This matter is before the court on claimant Scherry Harrah's motion to require debtor to return an oil painting by Goff, named "Dead Man's Hand," which Harrah alleges was on loan to Hobson. Hobson contends the painting was a gift to him from Harrah. The motion is really a claim against the estate and the court will treat debtor's opposition to the motion as an objection to claim.

The Nevada Supreme has held in *Edmonds v. Perry*, 62 Nev. 41, 61, 140 P.2d 566 (1943):

> To constitute a valid gift inter vivos, the intention to make it must be satisfactorily established and this intention must have been executed by actual, constructive or symbolical delivery of the thing proposed to be given without power of revocation. In other words, there is no gift until the intention of giving is fully consummated by the donor transferring all right and dominion over the thing given to the donee.

Thus the elements for a gift inter vivos are satisfactory evidence of donative intent, delivery by donor and acceptance by donee. Here, as in *Edmonds*, there is no writing evidencing Harrah's intention to make a gift or a loan of the painting. The only evidence that it was not a gift is the allegation that at the time she handed the painting to Hobson it bore her signature and name on the back of the canvas that it was the property of Scherry Harrah. It was the debtor's position that there was no signature on the back of the painting and offered to submit the painting to anyone that Harrah would select to do a chemical analysis to determine if the canvas ever had a signature on the back which was removed. The court infers from Harrah's failure to subject the canvas to chemical analysis that the results would be contrary to the position she now asserts.

Harrah testified that she had to vacate her home and had no place for the painting and lent it to Hobson for display in his Overland hotel and casino. She had delivered the painting to Hobson. This occurred almost 18 years ago. The painting was thereafter displayed in the Overland and Casino and more recently at the Riverside Hotel Casino until its closure in bankruptcy. The painting since then has been at the debtor's home. Hobson says that he understood the delivery of the painting to him to be a gift that Harrah never used the word "loan" and said "here it is" when she delivered the painting to Hobson on the sidewalk in front of the Overland Hotel.

The intention, if any, to make a gift must be found from the facts and circumstances surrounding the transaction by parole evidence. *Edmonds, supra,* at 61, 140 P.2d 566. Although the testimony of Harrah and Hobson is in conflict, Hobson exercised control and possession of the painting for nearly 18 years. Hobson also sold the Overland Hotel and took the painting to a new hotel for display thereafter moved the painting to his home. The unequivocal acts of ownership comport with Hobson's understanding that the transaction was a gift. Further, the extensive period of time during which Harrah never inquired about the status of the painting, its location or its preservation, is probative that the painting was no concern to Harrah and that she had made a gift of the painting to Hobson. The claim of Harrah is disallowed.